UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| **BRIAN S. SANTRY,** | ) | CASE NO. **11-79946** - MHM |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| DENISE B. FISHER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **ADVERSARY PROCEEDING** |
| | ) | NO. 11-5721 |
| BRIAN S. SANTRY, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING SUMMARY JUDGMENT**

This adversary proceeding is before the Court on Plaintiff's Motion for Summary Judgment, seeking a determination that a debt owed to Plaintiff by Debtor is not dischargeable. Plaintiff states in her Motion that her claim against Debtor represents credit card debt incurred during the marriage by Debtor in Plaintiff's name. Plaintiff argues that this debt is a domestic support obligation, 11 U.S.C. § 523(a)(5); a debt incurred in the course of a divorce, 11 U.S.C. § 523(a)(15); or a debt for willful and malicious injury, 11 U.S.C. § 523(a)(6). Plaintiff also argues that the preclusive effect of an earlier bankruptcy proceeding in the Southern District of New York precludes

relitigation of these issues. Plaintiff seeks recovery of her litigation expenses, and asks that the trustee in the current bankruptcy proceedings be ordered to transfer property to her. For the reasons set forth below, Plaintiff's Motion is ***granted*** in part and ***denied*** in part.

## I. STATEMENT OF FACTS

Plaintiff and Debtor were granted a divorce April 23, 2007, following a brief and "chaotic" marriage. The Judgment of Divorce Nisi ("Divorce Decree"), issued by the Massachusetts family court, required that Debtor sell or refinance real property located on Mary Beth Santry Road, Windsor, Maine, ("the Maine Property") within sixty days of the order, and that he "pay to [Plaintiff] the sum of …$200,000, to be applied to the debt he incurred during the course of the marriage for which [Plaintiff] is now being held responsible." The Divorce Decree also provided that "[Debtor] shall retain all his right, title and interest in [the Maine Property]".

Four months later, August 23, 2007, Debtor filed a voluntary Chapter 13 bankruptcy petition in the Southern District of New York ("the New York Proceeding"). On October 22, 2007, Plaintiff filed a proof of claim in the New York Proceeding for $200,000. She claimed that this debt had priority as a domestic support obligation. On February 11, 2008, the New York Proceeding was dismissed. Plaintiff claims that this dismissal was the result of Debtor's failure to provide documents.

2

On October 17, 2011, Debtor filed the current voluntary Chapter 7 bankruptcy petition in the Northern District of Georgia. On December 2, 2011, Plaintiff filed a Motion for Relief from Stay, so that she might continue with her efforts to enforce the Divorce Decree. These efforts have been ongoing from 2007, and included actions or claims in the courts in Massachusetts, New York, and Georgia. Plaintiff, in the Motion for Relief from Stay, sought to have the automatic stay modified to proceed with a contempt hearing in the Forsyth County Superior Court. Following a hearing February 1, 2012, the stay was modified to allow Plaintiff to proceed with the contempt hearing.

## II. CONCLUSIONS OF LAW

Bankruptcy Rule 7056 applies Rule 56 Fed. R. Civ. Pro. to adversary proceedings. Under Rule 56, a motion for summary judgment is granted if the moving party can show that no genuine issue of material fact exists, and that the moving party is entitled to judgment as a matter of law. The moving party bears the initial burden of showing, by reference to materials on file, the absence of any genuine factual dispute. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). A dispute is genuine if a verdict could reasonably be returned in favor of the non-moving party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). Every factual inference is drawn in favor of the non-moving party. *Id.* at 255.

The doctrine of *res judicata* "protects [a party's] adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on

3

judicial action by minimizing the possibility of inconsistent decisions." *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999). The law of preclusion contains two separate bars to subsequent litigation. *Brown v. R.J. Reynolds Tobacco Co.*, 611 F.3d 1324, 1331-22 (11th Cir 2010). Claim preclusion (or *res judicata*) bars litigation arising from the same cause of action. *Id.* at 1332. To preclude relitigation, a party must show: (1) a prior decision rendered by a court of competent jurisdiction; (2) a final judgment on the merits; and (3) the prior litigation and current litigation involve the same parties or their privies. *In re Piper Aircraft*, 244 F.3d 1289, 1296 (11th Cir. 2001). The doctrine of issue preclusion, also known as collateral estoppel, prevents relitigation of issues that have already been decided in an earlier lawsuit. *Brown*, 611 F.3d at 1332-33. Federal law applies issue preclusion where: (1) the issue at stake is identical to the one decided in the prior action; (2) the issue has been actually litigated in the prior proceeding; (3) the prior determination of the issue was actually necessary for resolution of the case; (4) the standard of proof in the newer action is not significantly more stringent than in the earlier. *America Online, Inc. v. Uhrig*, 306 B.R. 687, 697 (Bankr. M.D. Fla. 2004) (*citing Bush v. Balfour Beatty Bahamas, Ltd.*, 62 F.3d 1319, 1322 (11th Cir. 1995)).

A debt is nondischargeable pursuant to 11 U.S.C. § 523(a)(6) if it is a debt for willful and malicious injury by the debtor to another entity or its property. *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998). Willful injury requires "an intentional act, the purpose of which is to cause injury or which is substantially certain to cause injury." *Id; Maxfield v.*

4

*Jennings*, 670 F.3d 1329, 1334 (11th Cir. 2012). Section 523(a)(6) is analogous in formulation to an intentional tort. *Kawaauhau*; 523 U.S. at 61. Thus the "consequences of an act" and not simply "the act itself" must be intended. *Id.* at 61-62. An initial, intentional act which happens to cause injury, neither desired not anticipated by the debtor, does not fall within § 523(a)(6). *Id.* Malicious means "wrongful and without just cause or excessive even in the absence of personal hatred, spite or ill-will." *Jennings*, 670 F.3d at 1334 (*citing Hope v. Walker*, 48 F.3d 1161, 1164 (11th Cir. 1995)). Nondischargeability pursuant to § 523(a)(6) thus applies only to deliberate and intentional injury, and not to injury which is caused recklessly or negligently. *Kawaauhau*, 523 U.S. at 61.

A debt is nondischargeable pursuant to 11 U.S.C. § 523(a)(5) if it is a domestic support obligation. A domestic support obligation is a debt owed, *inter alia*, to a former spouse which is "in the nature of alimony, maintenance, or support…without regard to whether such debt is expressly so designated." 11 U.S.C. § 101(14A). Whether a given debt is "in the nature of support" is an issue of federal law. *Cummings v. Cummings*, 244 F.3d 1263, 1265 (11th Cir. 2001). In making this determination, the intentions of the divorce court or, if a settlement, the parties when the obligation was created are of primary importance. *Id.* at 1266. Other factors may also be relevant to illuminate the subjective intent of the parties, including: (1) the agreement's language; (2) the parties' financial positions when the agreement was made; (3) the amount of the division;

5

(4) whether the obligation ends on the death or remarriage of the beneficiary; (5) the frequency and number of payments; (6) whether the agreement waives other support rights; (7) whether the agreement can be modified or enforced in state court; and (8) how the agreement is treated for tax purposes. *Benson v. Benson*, 441 Fed. Appx. 650, 651 (11th Cir. 2011); *see also Cummings*, 244 F.3d at 1266.

A debt is nondischargeable pursuant to 11 U.S.C. § 523(a)(15) if, although not a domestic support obligation, it is incurred in the course of a divorce or separation or in connection with a separation agreement, divorce decree, or court order. It must be owed to a spouse, former spouse, or child of the debtor. This provision affects "all divorce-related obligations." *Humiston v. Huddleston*, 194 B.R. 681, 685 (Bankr. N.D. Ga. 1996) (J. Drake). A division of pre-existing debts in a separation agreement or divorce decree is a debt incurred in the course of divorce proceedings. *Washburn v. Washburn*, No. 09-80852, 2010 WL 4117860, at *2-3 (Bankr. N.D. Ga. Oct. 1, 2010) (J. Murphy).

### III. DISCUSSION

#### a. This proceeding is not precluded by any prior proceeding

Plaintiff, citing *Siegel v. Federal Home Loan Mortgage Corp.*, 143 F.3d 525 (9th Cir. 1998), argues that the New York Proceeding is dispositive of this Motion. In the New York Proceeding, Plaintiff filed a proof of claim for $200,000, claiming priority treatment as a domestic support obligation. In *Siegel*, the 9th Circuit held that a proof of claim filed in a bankruptcy proceeding, and deemed allowed because no objection was filed either by

the debtor or the trustee, precluded the debtor from suing the creditors in a later action for tort and breach of contract regarding foreclosure on his property. *Siegel*, 143 F.3d at 527, 530, 534. A claim deemed allowed was a final judgment for the purposes of *res judicata*. Relying on *Siegel*, Plaintiff argues *res judicata* bars Debtor from challenging any aspect of the claim against him.

Plaintiff cites no authority from this Circuit for her contentions, and the holding in *Siegel* has never been explicitly followed in the Eleventh Circuit. Other Circuits maintain different rules. *See e.g. County Fuel Co., Inc v. Equitable Bank Corp.*, 832 F.2d 290, 292 (4th Cir. 1987) ("[It] is doubtful that the "automatic allowance"…of a claim not objected to constitutes a final judgment."). *Siegel* itself has been criticized. *In re Giordano*, 234 B.R. 645, 649 (Bankr. E.D. Pa. 1999) ("[It] is difficult to understand how the unlitigated status of the Mortgagee's claim in the Debtor's prior cases could have any possible effect on the determination of the validity of the instant Claim."). Additionally, the provisions of 11 U.S.C. § 349 suggest that *Siegel* was incorrectly decided, at least with respect to a prior case that was dismissed. Eleventh Circuit case law suggests *res judicata* attaches to a proof of claim following confirmation of a Chapter 13 plan. *Universal Am. Mortgage Co. v. Bateman*, 331 F.3d 821, 830 (11th Cir. 2003); *see also Marlow v. Sweet Antiques*, 216 B.R. 975, 980 (Bankr. N.D. Ala. 1998). The New York Proceeding, however, was dismissed. In a dismissed Chapter 13 proceeding, lacking either confirmation of a plan

which recognizes Plaintiff's claim or an objection filed to that plan by Plaintiff, *res judicata* does not attach.

Even were Plaintiff to succeed with her argument that the filing of a proof of claim, followed by a failure to object by an interested party, is a final judgment engaging *res judicata* and prohibiting Debtor from contesting any detail of that claim in the future, Plaintiff has not established that *res judicata* applies in this case. The only document from the New York Proceeding subsequent to the October 22, 2007 claim provided by Plaintiff is the order of February 11, 2008, dismissing the case. Plaintiff states in the Motion that Debtor never objected to the claim. Plaintiff offers no evidence to support this claim. Summary judgment is not appropriate where Plaintiff offers only unsupported allegations in the pleadings. Here, Plaintiff makes no reference to the New York Proceeding in her affidavit and does not allege that Debtor failed to object to her claim in her Statement of Undisputed Facts. Debtor, in his response, denies all of Plaintiff's allegations concerning the New York Proceeding, except that he filed a bankruptcy petition. The undisputed facts are insufficient to support Plaintiff's *res judicata* argument.

### b. Plaintiff has not shown the debt is one for willful and malicious injury pursuant to 11 U.S.C. § 523(a)(6)

Plaintiff contends that Debtor willfully and maliciously injured her by having himself added to her credit cards, and by taking out credit cards and receiving cash advances in her name. If, as Plaintiff appears to allege, Debtor, while married to Plaintiff,

8

in effect fraudulently and without her knowledge took advantage of her finances, then his conduct may be of the type that would allow for a finding of willful and malicious injury. Debtor's conduct, however, may also be consistent with simply reckless injury to Plaintiff's finances. *See Kawaauhau*, 523 U.S. 57, 64. Debtor's subjective state of mind – and whether he intended to actually injure Plaintiff – is of primary importance. Plaintiff has not established the stringent elements of § 523(a)(6), or shown that their existence is free from any factual dispute. Furthermore, it appears that the debt at issue arose from the Divorce Decree, supplanting any conduct predating the divorce. Plaintiff fails to show that she is entitled to summary judgment pursuant to 11 U.S.C. § 523(a)(6).

### c. Plaintiff has not shown that the debt is a domestic support obligation pursuant to 11 U.S.C. § 523(a)(5)

Plaintiff contends that the debt owed to her is a domestic support obligation because the Massachusetts family court ordered the monies paid to her to enable her to pay off credit card debt that Debtor incurred in her name. Plaintiff established that the debt is one owed to a former spouse and owed pursuant to a divorce decree. *See* 11 U.S.C. § 101(14A). Plaintiff does not, however, establish that the debt is "in the nature of support" rather than a property settlement. Most relevant is intent of the family court as reflected in the Divorce Decree. *Cummings*, 244 F.3d at 1266. The Divorce Decree states that the money is "to be applied to the debt he incurred during the course of the marriage, for which Wife is now being held responsible." An allocation of pre-existing debts

usually suggests that an order reflects a property settlement. *Baker v. Baker*, 146 B.R. 862, 866 (Bankr. M.D. Fla. 1992); *but see e.g. In re Delaine*, 56 B.R. 460, 467-88 (Bankr. N.D. Ala. 1985); *Johnson v. Johnson*, 156 B.R. 338, 341-42 (Bankr. M.D. Fla. 1993).

The evidence Plaintiff provides does not support a conclusion that Debtor was ordered to pay her by the Massachusetts family court for purposes of support. The Divorce Decree is not generally consistent with the idea that Debtor undertook any obligations for the support of Plaintiff. It states that neither party shall pay alimony to the other. It requires of Plaintiff that she, temporarily, maintain health insurance for Debtor (suggesting that any obligations of support ran in the opposite direction to that contended by Plaintiff). Aside from the provision relating to the $200,000, the Divorce Decree ordered that the parties retain any personalty, bank accounts, and pension and retirement funds in their possession without attempting any further property distribution between them. It states that on such matters as uninsured medical expenses and life insurance, neither party should have any obligation towards the other.

Debtor's affidavit contains several statements suggestive of the conclusion that the debt is not in the nature of support. Debtor states that Plaintiff was, at the time of the divorce, gainfully employed and capable of supporting herself, and that throughout the marriage, Debtor had been unemployed and was supported by Plaintiff. The undisputed facts are not consistent with an inference that the Massachusetts court intended, in the divorce decree, to give Debtor any obligation to *support* Plaintiff. In a ruling on a motion

10

for summary judgment, every inference is drawn in favor of the non-moving party. *Anderson*, 477 U.S. at 255. Viewing the facts surrounding the divorce decree in the light most favorable to Debtor, Plaintiff has failed to establish that the debt is a domestic support obligation with the meaning of §§ 523(a)(5), 101(14A).

### d. The debt was incurred during the course of a divorce within the meaning of 11 U.S.C. § 523(a)(15)

Plaintiff contends, in the alternative, that the debt is non-dischargeable pursuant to 11 U.S.C. § 523(a)(15) because it is a debt to a former spouse incurred in the course of divorce or in connection with a divorce decree. Debtor does not address this argument in his response to Plaintiff's Motion. Plaintiff established that the debt is owed to a former spouse. It is not a domestic support obligation. Even if the debt exists due to actions of Debtor predating the divorce, Debtor's current obligation to Plaintiff was created by the Divorce Decree. The Divorce Decree gave Plaintiff a right to compel performance of the obligation by seeking a motion for contempt. *See Washburn*, 2010 WL 4117860, at *2-3 (Bankr. N.D. Ga. Oct. 1, 2010) (J. Murphy). Plaintiff has done precisely this in bringing her contempt action in the Forsyth County court. The debt is non-dischargeable under 11 U.S.C. § 523(a)(15).

### e. Plaintiff is not entitled to any further remedy from this Court

Under the "American rule" each party to a legal proceeding is generally responsible for its own fees and expenses. *Johnson v. Florida*, 348 F.3d 1334, 1350 (11th

11

Cir 2003). Express statutory authority is generally required for any departure from this rule. *Id.* Plaintiff asks for her court costs and travel expenses because "a review of the law and facts of this case would have shown any reasonable Defendant that there was no need to litigate the issues of this case." A party may request sanctions, such as an award of costs, for frivolous or improper pleadings (including pleadings intended only to cause unnecessary delay or needless increase in the cost of litigation), pursuant to Bankruptcy Rule 9011(c)(1)(A), 9011(b). Rule 9011 motions are traditionally considered following the conclusion of other litigation. In this case, questions exist as to why Debtor continued in his opposition to the Motion, despite making no arguments at all as to dischargeability under 11 U.S.C. § 523(a)(15). Without an appropriate Rule 9011(c) motion, consideration of this issue is premature.

Plaintiff also asks that the Court compel the trustee to transfer the Maine property to her. Plaintiff argues that because she filed the decree in the Registry in Deeds in Maine, she acquired all rights granted to her in property by the decree. *See* Me. Rev. Stat. Ann. tit 19-A, § 953(7) (West 2012). Plaintiff's argument is not apt. Plaintiff's debt is not secured by the Maine property. Pursuant to the divorce decree, Debtor retained all rights in the property; the decree required that Debtor himself sell or refinance the property. In any event, Plaintiff has not joined the trustee as a party to this action; she cannot therefore obtain any relief against the trustee. Plaintiff is not entitled to the order she seeks.

## IV. CONCLUSION

The debt is a non-support debt owed to Plaintiff incurred pursuant to a divorce decree. Under 11 U.S.C. § 523(a)(15), such a debt is non-dischargeable. Plaintiff is not at this stage entitled to recover her expenses, or to an order concerning the Maine property. Accordingly, it is hereby

ORDERED that Plaintiff's Motion for Summary Judgment is *granted in part and denied in part* consistent with this Order.

**The Clerk, U.S. Bankruptcy Court, is directed to serve** a copy of this order upon Plaintiff's attorney, Defendants' attorney, and the Chapter 7 Trustee.

IT IS SO ORDERED, this the 21st day of August, 2012.

_____
MARGARET H. MURPHY
UNITED STATES BANKRUPTCY JUDGE